1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10

11
12
13
14
15

| | |
|---|---|
| HECTOR BERNAL,<br><br>                              Petitioner,<br><br>          v.<br><br>GARY SANDOR, Warden,<br><br>                              Respondent. | Civil No.    09-2194 BEN (NLS)<br><br>**REPORT AND RECOMMENDATION GRANTING RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**[Doc. No. 9.]** |

16

17          Hector Bernal, a California prisoner proceeding *pro se*, has filed a Petition for Writ of Habeas

18   Corpus pursuant to 28 U.S.C. § 2254, challenging a 2002 prison disciplinary adjudication  finding him

19   guilty of trafficking a controlled substance in prison.[1]  Bernal contends he was denied his constitutional

20   rights to due process and a fair hearing during the administrative proceedings.  (Petition "Pet." at 6a.)

21   Respondent has filed a Motion to Dismiss the Petition as time-barred under 28 U.S.C. § 2244(d).

22   (Resp.'s Mem. of P. & A. at 3-6.)   After a thorough review, the Court **RECOMMENDS** that

23   Respondent's Motion be **GRANTED** and the Petition be **DISMISSED** with prejudice as untimely.

24   ///

25   ///

26   ///

27   ————————————————

28          [1] Bernal was also convicted in State Superior Court for possession of drugs in state prison.  [Lodgment No. 2.] He received a six year sentence to run consecutive to his original eleven-year, eight-month sentence for multiple first-degree burglary convictions in 2000. [*Id.*]

**RELEVANT PROCEDURAL HISTORY**

On October 24, 2002, a senior prison disciplinary official found Bernal guilty of violating California Code of Regulations, title 15, § 3016(c), specifically Trafficking of Controlled Substances. [Lodg. No. 3 at 2.]  Bernal was assessed 180 days behavior time credit forfeiture, 90 days loss of privileges, a year of random drug testing, 90 days loss of visits and 90 days of non-contact visits.  [*Id.*] He did not pursue an administrative appeal of the disciplinary decision.  [Lodg. No. 5, Pet. at 4c.]

On February 1, 2009, almost seven years after the prison disciplinary proceedings, Bernal filed a habeas petition in state Superior Court alleging, among other things, that the original guilty finding of trafficking in 2002 lacked the requisite showing of a preponderance of the evidence.  (Lodg. No. 5, at 3a-4d).  On February 11, 2009, the court denied the petition finding there was some evidence to support the 2002 drug trafficking finding. [Lodg. No. 6 at 1].

On February 28, 2009, Bernal filed a habeas petition in the Court of Appeal, reasserting the claims he made in his state habeas petition. [Lodg No. 7.]  On March 17, 2009, the court denied the petition without comment. [Lodg. No. 8.]  On April 13, 2009, Bernal filed a petition for review with the California Supreme Court, which was summarily denied on June 10, 2009. [Lodg. Nos. 9 & 10.]

On October 2, 2009, Bernal filed the Petition for Writ of Habeas Corpus now before this Court. The Petition raises a due process challenge to the 2002 prison disciplinary finding of guilt for drug trafficking. [*Id.* at 6a.]

**DISCUSSION**

Bernal's Petition fails to meet the threshold requirement of timeliness, thus the Court's discussion addresses only the issue of the applicable statute of limitations.  *White v. Klitzkie*, 281 F.3d 920, 921-22 (9th Cir. 2002).

***Statute of Limitations***

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitations for filing a federal habeas petition by a person in custody pursuant to the judgment of a State court.  28 U.S.C. § 2244(d)(1); *Allen v. Siebert*, 552 U.S. 3, 4 (2007).  This one-year time limit also applies to petitions challenging an administrative decision, including those issued pursuant to a prison disciplinary proceeding.  *Shelby v. Bartlett*, 391 F.3d 1061, 1066 (9th Cir.

2004); *Redd v. McGrath*, 343 F.3d 1077, 1081-83.  In *Redd*, the court stated the section of AEDPA

applicable to petitions challenging such administrative decisions is subsection 2244(d)(1)(D).

The relevant section reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from–
>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)(D) & (d)(2).

Where an administrative appeal is filed, the "factual predicate" date is the date of the ruling

on that appeal.  *Shelby*, 391 F.3d at 1066.  In this case, Bernal did not file an appeal but he was given

a copy of the guilty finding and consequent change in his prison term and conditions on November

1, 2002. [Lodg. No. 3 at 2.]  Thus, the factual predicate of his habeas claim occurred on that date.

*See id.* citing *Burger v. Scott*, 317 F.3d 1133, 1138 (10th Cir. 2003) (limitations period began to run

when petitioner learned of change in his parole reconsideration date).  The one year time period

Bernal had for filing his Petition under AEDPA's statute of limitations expired on November 1,

2003.  Because Bernal filed the current Petition six years after the statute of limitations had expired,

his Petition is untimely.

***Statutory Tolling***

The statute of limitations does not run while a "properly filed" state habeas corpus petition is

pending.  28 U.S.C. § 2244(d)(2).  Bernal did not file a state petition during the limitations period

between November 1, 2002 through November 1, 2003.  He filed his state habeas petition on

February 1, 2009, well after the time ran.  Nor did the 2009 petition revive the statute of limitations

for federal habeas purposes.  *See Jimenez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001) (a state petition

filed well after AEDPA's limitations period ended is an "absolute bar" to raising claims on federal

habeas).  Thus, Bernal's state petition for a writ of habeas corpus was not a "properly filed

application" that would toll AEDPA's the statute of limitations under section 2244(d)(2) above.

1  *Equitable Tolling*

2          Additionally, Petitioner is not entitled to equitable tolling.  A litigant seeking equitable

3  tolling must establish: (1) that he has been pursuing his rights diligently, and (2) that some

4  extraordinary circumstance stood in his way.  *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).  The

5  determination of whether a petitioner is entitled to equitable tolling is "highly fact-dependent."

6  *Espinoza-Matthews*, 432 F.3d 1021, 1026 (9th Cir. 2005).

7          Petitioner has not presented or established any "extraordinary circumstances" that would

8  entitle him to equitable tolling.  *Pace*, 544 U.S. at 418.

9                              <u>CONCLUSION</u>

10          Petitioner failed to file his federal habeas petition within the one-year period of limitation

11  imposed by AEDPA.  He has also failed to show that he is entitled to statutory or equitable tolling.

12  Therefore, this Court **RECOMMENDS** that Respondent's Motion be **GRANTED** and that the

13  Petition be **DISMISSED** with prejudice.

14          This report and recommendation is submitted to the United States District Judge assigned to

15  this case pursuant to 28 U.S.C. § 636(b)(1).

16          **IT IS SO ORDERED** that no later than June 10, 2010, any party to this action may file

17  written objections with the Court and serve a copy on all parties.  The document should be captioned

18  "Objections to Report and Recommendation."

19          **IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court

20  and served on all parties no later than June 17, 2010.  The parties are advised that failure to file

21  objections within the specified time may waive the right to raise those objections on appeal of the

22  Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153

23  (9th Cir. 1991).

24

25  DATED: May 12, 2010.

26                                              _____

27                                              Nita L. Stormes

28                                              United States Magistrate Judge