FILED

2010 JUN 15 PM 12:48

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR BERNAL,<br><br>　　　　　　　　　Petitioner,<br>vs.<br><br>GARY SANDOR, WARDEN,<br><br>　　　　　　　　　Respondent. | CASE NO. 09CV2194-BEN (NLS)<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING MOTION TO DISMISS<br><br>[Dkt Nos. 9, 10] |

## INTRODUCTION

Petitioner Hector Bernal, a state prisoner proceeding *pro se,* filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 ("Petition") to challenge a prison disciplinary adjudication regarding his 2002 criminal act of trafficking a controlled substance. [Dkt No. 1.] Respondent Gary Sandor filed a Motion to Dismiss ("Motion") the Petition based on untimeliness. [Dkt No. 9.] Petitioner did not file an opposition.

On January 13, 2010, Magistrate Judge Nita L. Stormes issued a Report and Recommendation, recommending that Respondent's Motion be granted. [Dkt No. 10.]

After conducting a de novo review, for the reasons stated below, the Court **ADOPTS** the Report and Recommendation and **GRANTS** Respondent's Motion.

## BACKGROUND

In 2000, Petitioner was sentenced to an eleven-year, eight-month sentence for multiple first-degree burglary convictions, and an additional, consecutive six-year sentence due to a conviction for possession of drugs in state prison in 2003. Petitioner does not challenge his criminal convictions nor his sentences in this action.

On October 24, 2002, a senior prison disciplinary official found Petitioner guilty of Trafficking of Controlled Substances in violation of California Code of Regulations, title 15, § 3016(c). [Lodg. No. 3 at 2.] Petitioner was assessed 180 days credit forfeiture, 90 days loss of privileges, a minimum of one year of random urinalysis testing, and 90 days loss of visits, followed by 90 days non-contact visits. Additionally, Petitioner was required to attend Alcoholics Anonymous/Narcotics Anonymous. [*Id.* at 2.]

On February 1, 2009, Petitioner filed a petition for writ of *habeas corpus* in state Superior Court alleging, among other things, that the disciplinary hearing guilty finding of trafficking in 2002 lacked the requisite showing of a preponderance of the evidence. [Lodg. 5 at 3a-4d.] The court denied the petition on February 11, 2009, finding there was enough evidence to support the 2002 finding. [Lodg. 6 at 1.]

On Feb 28, 2009, Petitioner filed a habeas petition in the Court of Appeal, reasserting the same claims as his state habeas petition, which was denied on March 17, 2009, without comment. [Lodgs. 7 & 8.] On April 13, 2009, Petitioner filed a petition for review with the California Supreme Court, which was denied on June 10, 2009. [Lodg. 9 & 10.]

On October 2, 2009, Petitioner filed the instant Petition under 28 U.S.C. § 2254. (Dkt No. 1.) Petitioner alleges his 2002 prison disciplinary finding of guilt for drug trafficking violates the Due Process Clause of the United States Constitution.

Respondent filed a Motion to Dismiss ("Motion"), arguing the Petition is not timely. (Dkt No. 9.) Petitioner did not oppose the Motion.

On May 12, 2010, Magistrate Judge Stormes issued a Report and Recommendation, recommending that the Court grant the Motion and dismiss the Petition, to which Petitioner also did not file an Objection. Because Petitioner failed to file an objection, the Court is not required to

conduct a de novo review. See Fed. R.Civ. P. 72(d) (the district court must review de novo any part of the magistrate judge's report and recommendation to which a proper objection has been filed). Nonetheless, for the reasons set forth below, the Court has reviewed the Report and Recommendation de novo and adopts its analysis and conclusion in full.

## DISCUSSION

### I.   STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year limitations period for state prisoners to file a federal habeas petition in federal court. Specifically, the statute states, in pertinent part:

> (d)(1) A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2244(d)(1).

This one-year statute of limitations also applies to petitions challenging an administrative decision, including those issued pursuant to a prison disciplinary proceeding. *Shelby v. Bartlett*, 391 F.3d 1061, 1066 (9th Cir. 2004); *Redd v. Mcgrath*, 242 F.3d 1077, 1081-83 (9th Cir. 2003) (stating section 2244(d)(1)(D) of AEDPA is applicable to petitions challenging administrative decisions.)

In cases, like here, where an administrative appeal is filed, the "factual predicate" date is the date of the ruling on that appeal. *Shelby*, 391 F.3d at 1066. In the instant case, Petitioner did not file an appeal but he was given a copy of the guilty finding and resulting change in his prison term and conditions on November 1, 2002. [Lodg. No. 3 at 2.] Therefore, the factual predicate of his habeas claim occurred on that date. *Id.* citing *Burger v. Scott*, 317 F.3d 1133, 1138 (10th Cir. 2003) (limitations period began to run when petitioner learned of change in his parole reconsideration date). Petitioner had until November 1, 2003 to file his Petition under AEDPA's statute of limitations. Because Petitioner filed the current Petition six years after the statute of limitations had expired, his Petition is untimely, unless tolling applies.

## II. TOLLING

### A. Statutory Tolling

AEDPA's statutory tolling provision provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C.A. § 2244(d)(2).

The AEDPA's limitations period is generally tolled for "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Id.* § 2244(d)(2); *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). Petitioner did not file his state petition during the limitations period between November 1, 2002 through November 1, 2003. He filed his state habeas petition on February 1, 2009, well after the time expired. The Petition did not revive the statute of limitations for federal habeas purposes. *Jimenez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001) (filing a state petition after the statute of limitations has run is an "absolute time bar" to filing a federal petition).

As the instant petition was not filed until February 1, 2009, it is not a "properly filed application" that tolls the AEDPA's statute of limitations under § 2244(d)(2) above. Thus, the Court holds that the Petition is untimely.

### B. Equitable Tolling

Equitable tolling is available only if a petitioner demonstrates "extraordinary circumstances" beyond his control that make it impossible to file a petition on time. *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2004). The "threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Id.* To show that equitable tolling applies, a petitioner "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Whether a petitioner is entitled to equitable tolling is "highly fact-dependent." *Espinoza-Matthews*, 432 F.3d 1021, 1026 (9th Cir. 2005).

Petitioner has not presented or established any "extraordinary circumstances" that would

entitle him to equitable tolling. *Pace,* 544 U.S. at 418.

## CONCLUSION

Because equitable tolling is inapplicable, and statutory tolling fails to bring the Petition within the applicable limitations period, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation in its entirety and **GRANTS** Respondent's Motion to Dismiss the Petition.

**IT IS SO ORDERED.**

Date: June 4, 2010

Hon. Roger T. Benitez
United States District Court Judge